# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and CHARLES A. WHOBREY, as Trustee, | )<br>)<br>)<br>) |
| *Plaintiffs*, | ) Case No. 19-cv-6716 |
| v. | )<br>) Judge |
| DWORKIN, INC., an Ohio corporation, TRIUMPH TRUCKING OF CLEVELAND, INC., an Ohio corporation, and TRIUMPH TRUCKING OF NEWBURGH, LTD., an Ohio limited liability company, | )<br>) Magistrate Judge<br>)<br>)<br>)<br>) |
| *Defendants*. | ) |

## COMPLAINT

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund and Charles A. Whobrey, one of its present trustees, allege as follows:

## JURISDICTION AND VENUE

1. This is an action for the collection of withdrawal liability, interest, and statutory damages incurred by an employer as a result of a withdrawal from a multiemployer pension plan.

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. §§ 1001–1461. This Court has jurisdiction over this action under 29 U.S.C. § 1451(c) and under 28 U.S.C. § 1331.

3. Venue lies in this Court under 29 U.S.C. § 1451(d) in that the Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund") is administered at its principal place of business in Chicago, Illinois. Venue is also proper in this Court pursuant to the

forum selection clause contained in the Pension Fund's Trust Agreement, which designates this district as the appropriate forum for lawsuits to collect withdrawal liability.

## PARTIES

4. The Pension Fund is a multiemployer pension plan within the meaning of 29 U.S.C. §§ 1002(37) and 1301(a)(3).

5. Plaintiff Charles A. Whobrey is a present trustee and fiduciary of the Pension Fund within the meaning of 29 U.S.C. § 1002(21)(A), and he and his fellow trustees are the plan sponsor of the Pension Fund within the meaning of 29 U.S.C. § 1301(a)(10). The Trustees administer the Pension Fund at their office in Chicago, Illinois.

6. Pursuant to 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1), the Trustees, by and through their designated trustee Charles A. Whobrey, are authorized to bring this action on behalf of the Pension Fund, its participants, and beneficiaries for the purpose of collecting withdrawal liability.

7. Defendant Dworkin, Inc. ("Dworkin") is a corporation organized under the laws of the State of Ohio.

8. Defendant Triumph Trucking of Cleveland, Inc. ("Triumph of Cleveland") is a corporation organized under the laws of the State of Ohio.

9. Defendant Triumph Trucking of Newburgh, Ltd. ("Triumph of Newburgh") is a limited liability company organized under the laws of the State of Ohio. Upon information and belief, Triumph of Newburgh is wholly owned by its sole member, Triumph of Cleveland.

## CLAIM FOR RELIEF

10. Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 9 of this Complaint as though fully set forth herein.

11. On or about February 24, 2017, three appointive trusts—the Eileen J. Jacobs 2013 Appointive Trust f/b/o Jeremy A. Jacobs, the Eileen J. Jacobs 2013 Appointive Trust f/b/o Michael E. Jacobs, and the Eileen J. Jacobs 2013 Appointive Trust f/b/o Lindsey F. Kolesky—collectively owned at least 80 percent of the total combined voting power of all classes of stock entitled to vote of Dworkin and/or at least 80 percent of the total value of shares of all classes of stock of Dworkin.

12. On or about February 24, 2017, Dworkin collectively owned at least 80 percent of the total combined voting power of all classes of stock entitled to vote of Triumph of Cleveland and/or at least 80 percent of the total value of shares of all classes of stock of Triumph of Cleveland.

13. On or about February 24, 2017, Triumph of Cleveland collectively owned at least 80% of the membership interest of Triumph of Newburgh and/or at least 80% of the profits interest or capital interest of Triumph of Newburgh.

14. Therefore, on or about February 24, 2017, Dworkin, Triumph of Cleveland, and Triumph of Newburgh were members of a group of trades or businesses under common control (the "Dworkin Controlled Group"), and therefore constituted a single employer within the meaning of 29 U.S.C. § 1301(b)(1) and the regulations promulgated thereunder.

15. The Dworkin Controlled Group is the "employer" for purposes of determining and assessing withdrawal liability under ERISA.

16. During all relevant times, Dworkin and Triumph of Newburgh were bound by collective bargaining agreements with certain local unions affiliated with the International Brotherhood of Teamsters. Under those agreements, Dworkin and Triumph of Newburgh were required to make contributions to the Pension Fund on behalf of certain of their employees.

17. The Pension Fund determined that on or about February 24, 2017, the Dworkin Controlled Group permanently ceased to have an obligation to contribute to the Pension Fund and/or permanently ceased all covered operations, thereby effecting a "complete withdrawal" from the Pension Fund within the meaning of 29 U.S.C. § 1383.

18. As a result of this complete withdrawal, the Pension Fund determined that the Dworkin Controlled Group incurred joint and several withdrawal liability to the Pension Fund in the principal amount of $7,722,361.20, as determined under 29 U.S.C. § 1381(b).

19. On or about July 18, 2017, the Dworkin Controlled Group, through its attorney, received a notice and demand for payment of the withdrawal liability issued by the Pension Fund in accordance with 29 U.S.C. §§ 1382(2) and 1399(b)(1). The notice demanded full payment of the entire estimated amount of the withdrawal liability by August 1, 2017, pursuant to 29 U.S.C. § 1399(c)(5)(B), and Appendix E, section 5(e)(2) of the Pension Fund's Pension Plan because the Pension Fund believed there was a substantial likelihood that the Dworkin Controlled Group would not be able to pay its withdrawal liability as a result of a cessation of operations. At that time, the estimated amount of withdrawal liability was $6,525,802.79, which was subject to change because the Pension Fund's withdrawal liability valuation of unfunded vested benefits for plan year-end 2016 had not yet been finalized by the Pension Fund's actuaries.

20. On or about November 16, 2017, the Dworkin Controlled Group, through its attorney, received a letter that revised the withdrawal liability assessment. The revised withdrawal liability assessment demanded full payment of the entire amount of the withdrawal liability by December 1, 2017, pursuant to 29 U.S.C. § 1399(c)(5)(B) and Appendix E, section 5(e)(2) of the Pension Fund's Pension Plan. The amount demanded was $7,722,361.20, the revised balance owed on the withdrawal liability.

21. By letter dated October 12, 2017, the Dworkin Controlled Group requested review of its withdrawal liability pursuant to 29 U.S.C. § 1399(b)(2)(A).

22. On or about November 16, 2017, the Dworkin Controlled Group, through its attorney, received a letter (the same letter referenced in paragraph 20) that contained the Pension Fund's response to the Dworkin Controlled Group's review request pursuant to 29 U.S.C. § 1399(b)(2)(B), in which the Pension Fund informed the Dworkin Controlled group that the Pension Fund's trustees had rejected the Dworkin Controlled Group's request for review and upheld the withdrawal liability assessment, as revised, in its entirety.

23. On or about January 12, 2018, Dworkin and Triumph of Newburgh initiated arbitration pursuant to 29 U.S.C. § 1401(a) to challenge the withdrawal liability.

24. Pursuant to 29 U.S.C. §§ 1399(c)(2) and 1401(d), withdrawal liability payments must be made in accordance with the schedule set forth by the plan sponsor, notwithstanding any request for review or demand for arbitration.

25. The Dworkin Controlled Group failed to make the withdrawal liability payment to the Pension Fund.

26. Each of the Defendants, as members of the Dworkin Controlled Group, are jointly and severally liable to the Pension Fund for the withdrawal liability.

**WHEREFORE**, Plaintiffs request the following relief:

(a) A judgment against Defendants, jointly and severally, and on behalf of Plaintiffs, pursuant to 29 U.S.C. §§ 1132(g)(2) and 1451(b) for:

    (i) $7,722,361.20 in withdrawal liability;

    (ii) interest computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase

Bank, NA for the fifteenth (15th) day of the month for which interest is charged;

(iii) an amount equal to the greater of interest on the unpaid withdrawal liability or liquidated damages of 20% of the unpaid withdrawal liability; and

(iv) attorneys' fees and costs.

(b) Post-judgment interest computed and charged on the entire judgment at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged, compounded annually; and

(c) Such further or different relief as this Court may deem proper and just.

Respectfully submitted,

*__/s/ Frank T. Blechschmidt__*
Frank T. Blechschmidt (#6308606)
Central States Law Department
8647 W. Higgins Road
Chicago, Illinois 60631-2803
Telephone: (847) 777-4088
Fax: (847) 518-9797
Email: fblechsc@centralstatesfunds.org

October 10, 2019

*Attorneys for Plaintiffs*